IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DENNIS THOMPSON #B67474, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-cv-00850-JPG |
| | ) |
| ILLINOIS DEPARTMENT OF | ) |
| CORRECTIONS, TROST, | ) |
| RICHARD HARRINGTON, | ) |
| KIMBERLY BUTLER, | ) |
| JACQUELINE LASHBROOK, | ) |
| and DR. SAM NWAOBASI, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Dennis Thompson, an inmate who is currently incarcerated at Menard Correctional Center ("Menard"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He is serving a life sentence without parole. In the instant complaint, Plaintiff claims that several Menard officials retaliated against him for suing them by transferring him from Menard's South House (a low aggression unit with larger cells) to the North House (a low aggression unit with smaller cells). He seeks monetary damages and a transfer back to the South House, which he maintains is medically necessary.

### Discussion

The complaint does not pass muster under Rules 8 and 10 of the Federal Rules of Civil Procedure, and it shall be dismissed. The Seventh Circuit explains the Rule 8 standard, as follows:

> Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." In addition, Rule 8(e)(1)[1] states that "[e]ach averment of a pleading shall be simple, concise, and direct." The primary purpose of these provisions is rooted in fair notice: Under Rule 8, a complaint "'must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.'" *Wade v. Hopper*, 993 F.2d 1246, 1249 (7th Cir.) (citations omitted), *cert. denied*, 510 U.S. 868, 114 S. Ct. 193, 126 L. Ed. 2d 151 (1993); *see also Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) (stating that a complaint "must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of what it is the plaintiff asserts). A complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation.

*Vicom, Inc. v. Harbridge Merch. Serv., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994); *See also* FED. R. CIV. P. 8.

Rule 10 requires a plaintiff to "state his claims in separate numbered paragraphs, 'each limited as far as practicable to a single set of circumstances,' and also requires that 'each claim founded on a separate transaction or occurrence' be 'stated in a separate count' if 'doing so would promote clarity.'" *See Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011); FED. R. CIV. P. 10. The pleading should "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Id.* (citing *Killingsworth v. HSBC Bank Nev., N.A.,* 507 F.3d 614, 618 (7th Cir. 2007)).

Plaintiff's complaint runs afoul of both rules. The pleading spans 101 pages. (Doc. 1, pp. 1-101). The first 26 pages include the statement of claim and request for relief. (*Id.* at pp. 1-26). The last 75 pages are exhibits. (*Id.* at pp. 27-101).

The statement of claim is divided into seven separate claims against six defendants. Generally speaking, Plaintiff complains that he was transferred from Menard's South House to

---

[1] Due to subsequent amendments to Rule 8, the requirement that a pleading be concise and direct is now found in Rule 8(d)(1), which states: "Each allegation must be simple, concise, and direct. No technical form is required."

the North House in retaliation for suing numerous Menard officials. He seeks a transfer back to the South House. Plaintiff alleges that a transfer is medically necessary.

The statement of claim is written in narrative form that follows Plaintiff's stream of consciousness. His viable claims are lost in a sea of irrelevant information. For example, Plaintiff loses himself, and the Court, in a deep analysis of Menard's housing options. He describes, in great detail, the different aggression levels of inmates, the items they are allowed to keep in their cells, and those cells that offer the best television viewing arrangement, complete with a description of which body position enables an inmate to have a television in his bed. Virtually none of this information is necessary at the early pleadings stage and, more importantly, obfuscates viable claims that are buried in the pleading.

Moreover, the statement of claim frequently refers to Plaintiff's prior and pending actions in the Southern District of Illinois and the Central District of Illinois. Pertinent to this action, Plaintiff has already sued three of the defendants in another case that also involves medical needs claims arising from Plaintiff's obesity. *See Thompson v. Nwaobasi*, Case No. 12-cv-00770-MJR-PMF (S.D. Ill. 2012). Because he frequently refers to events giving rise to his prior actions, it is unclear what new claims he is bringing against these defendants. This is because he draws no distinction between the facts and claims that proceeded in prior actions and/or are now foreclosed, and the facts and claims that he pursues in the instant case. The Court is left to sort this out. But from what the Court can tell, most of the allegations are absolutely unnecessary, muddle the complaint to the point of incoherency, and make it impossible to separate old and foreclosed claims from new ones.

Turning to the 75 pages of exhibits, the Court can discern no basis for including them. The statement of claim refers to none of them. The exhibits consist primarily of pleadings filed

in Plaintiff's other actions and further blur the line between Plaintiff's old and new claims. He also includes medical records, which are largely illegible.

Until Plaintiff files a pleading that clearly and succinctly states the basis for his claims against each defendant, and excludes the extraneous information described above, the Court will not waste its time trying to piece together viable claims for him. The complaint shall be dismissed. However, the dismissal shall be without prejudice and with leave to file an amended complaint. The instructions for doing so are set forth below in the disposition.

## Pending Motions

**1.     Motion for Recruitment of Counsel (Doc. 3)**

Plaintiff has filed a motion for recruitment of counsel, which is hereby **DENIED**. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc*., 706 F.3d 864, 866–67 (7th Cir. 2013). When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question . . . is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655.

The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

Although Plaintiff alleges that his efforts to secure representation have failed, it is unclear what efforts he has actually undertaken to secure representation in *this* case. He contacted a single law firm that represents him in other matters, and learned that the firm has no capacity to accept the instant case. But Plaintiff does not describe any efforts to secure counsel for this particular case at any other firm.

Despite his high school education, the Court finds that he is capable of proceeding *pro se*, at least for now. In other cases, he has prepared an amended complaint with success. He has a clear grasp of the English language. He demonstrates an ability to construct coherent sentences and organize his claims into a cohesive pleading, based on his past experiences doing so. The retaliation claims at issue are not particularly complex. The medical needs claims are not sufficiently described to reach any other conclusion, and the legal principles at issue are of the sort regularly litigated by inmates *pro se*. Plaintiff's motion for recruitment of counsel (Doc. 3) is denied without prejudice. The Court will remain open to the appointment of counsel in the future.

**2.     Motion to Defer or Stay the Court Costs to File Suit (Doc. 4)**

Plaintiff has also filed a motion requesting a deferment of his obligation to pay the filing fee, which is hereby **DENIED**. Plaintiff incurred the obligation to pay a filing fee for this action at the time he filed it. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). He cannot avoid this obligation. However, Plaintiff's request to pay the fee in installments was granted on August 8, 2015, in response to his motion for leave to proceed *in forma pauperis* (Doc. 8). The order allows him to pay the filing fee over time.

## Disposition

**IT IS HEREBY ORDERED** that the complaint (Doc. 1) is **DISMISSED** without prejudice.

**IT IS ALSO ORDERED** that Plaintiff is granted leave to file an amended complaint, if he wishes to proceed with this case.  When doing so, he must clearly label the pleading, "First Amended Complaint," and use the case number for this action.  The amended complaint must state any facts that may exist to support Plaintiff's retaliation and deliberate indifference claims against each defendant and name the individual defendants who are directly responsible for the alleged constitutional deprivations, within 35 days of the entry of this order (**on or before October 14, 2015**).  An amended complaint supersedes and replaces all prior complaints, rendering them void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original complaint.  Thus, the amended complaint must stand on its own, without reference to any other pleading.  Plaintiff must also re-file any exhibits he wishes the Court to consider, but he is strongly discouraged from filing any unnecessary, or unnecessarily voluminous, exhibits.  Failure to file his amended complaint by the above-listed deadline or consistent with the Court's instructions herein shall result in the dismissal of this action with prejudice.  *See* Fed. R. Civ. P. 41(b).

No service shall be ordered on the defendants until after the Court completes its Section 1915A review of the amended complaint.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

In order to assist Plaintiff in preparing his second amended complaint, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

DATED: September 8, 2015

*s/J. Phil Gilbert*
**U.S. District Judge**