IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DENNIS THOMPSON,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:15-CV-00850-NJR-DGW |
| | ) |
| **ILLINOIS DEPARTMENT OF CORRECTIONS, RICHARD HARRINGTON, KIMBERLY BUTLER, JACQUELINE LASHBROOK, MICHAEL ATCHINSON, and C/O SMITH,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 105), which recommends that the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Doc. 78) filed by Defendants be granted in part and denied in part. The Report and Recommendation was entered on December 29, 2016. Plaintiff Dennis Thompson filed a timely objection (Doc. 106).

### BACKGROUND

Thompson, an inmate at Menard Correctional Center, is grossly obese and suffers from degenerative joint and disc disease, causing him severe chronic pain and limited range of motion. To combat his conditions, Thompson claims that he has been instructed by prison medical staff to exercise as much as possible in his cell.

Page 1 of 10

On November 19, 2013, Thompson was moved from the South Lower Cell House to the North Two Cell House. Thompson claims that the cells in North Two Cell House are too small for him to do his exercises and, as a result, his weight has increased from 280 pounds to 350 pounds, his chronic pain has worsened, and he has developed sciatic nerve pain (Doc. 16, p. 7). He also asserts that the North Two Cell House contains inmates with higher aggression levels and that it offers fewer privileges than his former cell. Thompson claims that the decision to move him, and the subsequent refusal to move him back, was made by Defendants Harrington, Lashbrook, and Butler in retaliation for filing lawsuits.

Thompson initiated this lawsuit on August 3, 2015. On December 29, 2015, Defendants Atchison, Butler, and Smith moved Thompson and other inmates to the prison gym for a period of five days due to the potential for flooding. Thompson claims that he was required to sleep on a wet and cold gym floor, that he had to share two toilets with thirty other inmates, one of which broke under his weight, and that females were allowed to see him use the toilet and shower, causing him humiliation. Thompson added these events to a Second Amended Complaint filed February 11, 2016 (Doc. 16).

Following a screening of the Second Amended Complaint pursuant to 28 U.S.C. § 1915A, Thompson was permitted to proceed on the following claims:

Count 3:  Defendants Harrington, Lashbrook, and Butler retaliated against Plaintiff for filing lawsuits by moving him to and refusing to transfer him from the North Two Cell House, which has smaller cells, offers fewer privileges, and houses higher aggression inmates than other cell houses.

Count 4:  Defendants IDOC Director and Butler's policy, custom, or practice of making housing decisions without input from the

|            |                                                                                                                                                                                                                                                                                           |
|------------|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            | medical staff violates Plaintiff's rights under the Eighth Amendment.                                                                                                                                                                                                                     |
| Count 5:   | Defendant IDOC Director violated Plaintiff's rights under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and/or Rehabilitation Act, 29 U.S.C. §§ 794-94e, by denying him accommodations for his degenerative joint and disc disease and his obesity by placing him in a larger cell. |
| Count 6:   | Defendants Harrington, Lashbrook, and Butler subjected Plaintiff to unconstitutional conditions of confinement, in violation of the Eighth Amendment, when they assigned him to the North Two Cell House.                                                                                 |
| Count 7:   | Defendants Atchinson, Butler, and Smith subjected Plaintiff to unconstitutional conditions of confinement, in violation of the Eighth Amendment, when they housed him in the gym for five days in anticipation of a flood on December 29, 2015.                                           |

On August 24, 2016, Defendants filed a motion for summary judgment on the issue of exhaustion of administrative remedies (Doc. 78). Thompson timely filed a response on September 7, 2016. Magistrate Judge Wilkerson subsequently held a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), and issued the Report and Recommendation currently before the Court. Thompson filed a timely objection (Doc. 106); Defendants did not file a response.

### CONCLUSIONS OF THE REPORT AND RECOMMENDATION

Magistrate Judge Wilkerson found Thompson credible in his assertion that he submitted a January 4, 2014 grievance regarding his housing and retaliatory transfer by Defendants Butler, Lashbrook, and Harrington, to which he never received a response. Thus, by failing to respond to the January 2014 grievance, the administrative remedies process was rendered unavailable, and Thompson was deemed to have exhausted his administrative remedies with regard to Defendant Harrington and his general claims in

Counts 3, 4, 5, and 6 that his disability was not being accommodated. However, because Defendants Lashbrook and Butler were not yet employed at Menard in January 2014[1] and, therefore, could not have any control or influence over Thompson's cell transfer and housing decisions, the January 2014 grievance did not exhaust as to Defendants Lashbrook and Butler.

With regard to an August 2014 grievance, Magistrate Judge Wilkerson found that Thompson exhausted his administrative remedies with regard to his claims against Defendants Lashbrook and Butler for unconstitutional conditions of confinement in Count 6, despite not naming them in the grievance. Magistrate Judge Wilkerson noted that Thompson grieved that his cell was insufficient, and the prison responded by indicating that his cell placement was an "administrative decision." Because the head administrators of the jail are the wardens, Thompson's failure to name Defendants Lashbrook and Butler did not render the grievance insufficient to exhaust his claims in Count 6 against these Defendants. With regard to Count 3, however, Magistrate Judge Wilkerson found that the August 2014 grievance failed to exhaust Thompson's administrative remedies because Thompson did not complain of any retaliatory conduct by Defendants Lashbrook and Butler.

Magistrate Judge Wilkerson further found that, contrary to Defendants' argument, the August 2014 grievance was not untimely. Although Thompson was placed in the offending cell in November 2013, putting the August 2014 grievance outside the 60-day deadline imposed by § 504.810 of the Illinois Administrative Code,

---

[1] Defendant Lashbrook became Assistant Warden at Menard on February 1, 2014, and Defendant Butler became Warden at Menard on April 16, 2014.

Magistrate Judge Wilkerson found that Count 6 alleges a continuing violation of the Eighth Amendment. Thus, the August 2014 grievance would be timely as to the conditions of confinement claim against Defendants Lashbrook and Butler in Count 6.

Magistrate Judge Wilkerson next found Thompson credible in his testimony that he submitted an October 14, 2014 grievance detailing Defendant Butler's retaliatory acts in Count 3.[2] Thompson testified at the *Pavey* hearing that he received the grievance back within a week with a "sticky note," authored by an unknown person, stating that the issue was moot. Magistrate Judge Wilkerson presumed the note was from Thompson's counselor and stated that "[w]hile receiving a sticky note response is unorthodox, it is nonetheless a response and triggered the Illinois Administrative Code's requirement of submitting a formal grievance to the grievance officer." Because Thompson did nothing further with this grievance, he failed to exhaust his administrative remedies with regard to his claims against Defendant Butler in Count 3.

Finally, with regard to Count 7, Magistrate Judge Wilkerson found that Thompson failed to exhaust his administrative remedies prior to filing suit. Thompson filed his Second Amended Complaint adding Count 7 on February 11, 2016 (Doc. 16), but did not appeal the temporary gym housing issue to the Administrative Review Board ("ARB") until April 15, 2016—well after filing suit. Thus, Thompson failed to exhaust his administrative remedies as to Count 7.

## DISCUSSION

Where timely objections are filed, this Court must undertake a *de novo* review of

---

[2] Magistrate Judge Wilkerson found that, in fact, no grievance discussed Defendant Lashbrook's alleged retaliatory acts as detailed in Count 3.

the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court may accept, reject or modify, in whole or in part, the magistrate judge's recommended decision. *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all of the evidence contained in the record and give fresh consideration to those issues to which specific objections have been made. *Id.* (quoting 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)).

Here, Thompson objects first to Magistrate Judge Wilkerson's finding that he failed to exhaust his administrative remedies with regard to the October 14, 2014 grievance detailing Defendant Butler's retaliatory acts in Count 3. Specifically, Thompson challenges the finding that the sticky note left on his grievance constituted an official response, triggering the review procedure required by the Illinois Administrative Code. Thompson argues that the "grievance office absolutely will not accept a grievance that does not have a written response from the counselor in the 'Counselor's Response Section' of the institutional grievance and more important the Counselor's signature." (Doc. 106, p.2). Thompson also claims that this unknown person refused to file the grievance, as demonstrated by the fact that the grievance is not in his official file[3] and, thus, he cannot be expected to appeal a grievance that prison staff refused to let him file.

The Court agrees with Thompson that the sticky note, from an unknown prison official, containing no signature—much less his counselor's signature—was insufficient to constitute an official prison response. The Seventh Circuit takes a "strict compliance

[3] Thompson has offered no evidence to demonstrate this alleged fact.

approach" to exhaustion. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Without a response and signature in the Counselor's section of the grievance, the grievance most likely would have been rejected by the grievance officer. *See id.* ("A prisoner must properly use the prison's grievance process. If he or she fails to do so, the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted."). In other words, without a proper response by his counselor, on the grievance form in the correct spot with a signature affixed to it, Thompson could not properly use the grievance process. Therefore, by failing to properly respond to Thompson's October 14, 2014 grievance, the administrative remedies process was rendered unavailable, and Thompson is deemed to have exhausted his claim against Defendant Butler in Count 3. *See id.* (a remedy can be unavailable to a prisoner if the prison does not respond to the grievance or uses misconduct to prevent a prisoner from exhausting his resources); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002). Accordingly, Thompson's objection is **SUSTAINED**.

Thompson next objects to the finding that his August 2014 grievance was insufficient to exhaust his administrative remedies as to his claim of retaliation by Defendants Butler and Lashbrook in Count 3. Thompson's August 2014 grievance states: "The fact is I was only *moved* from the South House . . . because I filed suit seeking injunctive relief for various medical permits; retaliation for prisoner exercising their right to redress government is illegal . . . ." (Doc. 16-2, p. 4) (emphasis added). As Magistrate Judge Wilkerson stated, a close reading of the grievance indicates Thompson complained that he was *moved* from the South House in retaliation for his lawsuits.

Thompson was moved from the South House in November 2013—prior to Defendants Butler and Lashbrook assuming their positions as Warden and Assistant Warden, respectively. Therefore, Thompson's objection to Magistrate Judge Wilkerson's conclusions with regard to the August 2014 grievance is **OVERRULED**.

Thompson also challenges the Report and Recommendations with regard to the dismissal of Count 7, the temporary gym housing issue, arguing that he should not be required to sue separately over every incident of Defendants' unlawful conduct. Thompson misses the point. While he need not initiate separate lawsuits, it is well established that an inmate cannot file suit first, then reach administrative exhaustion second. *See Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005). In this case, Thompson did not wait for a response from the ARB before filing his Second Amended Complaint and adding Count 7. Thus, the claim was not fully exhausted prior to Thompson filing suit.

Thompson has since filed a Motion to Reinstate Count 7, alerting the Court that the ARB has now ruled on his grievance addressing the issues raised in Count 7 (Doc. 108). Attached as an exhibit to Thompson's motion is a letter from the ARB, dated October 11, 2016, denying Thompson's grievance regarding his temporary gym housing in December 2015 (Doc. 108-1). This development does not change the outcome.

Under the PLRA, "**[n]o action shall be brought** with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility **until such administrative remedies as are available are exhausted**. 42 U.S.C. § 1997e(a) (emphasis added). The Seventh Circuit has clearly held that "a suit filed by a prisoner

before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Accordingly, Thompson's objection is **OVERRULED**, and his current Motion to Reinstate Count 7 (Doc. 108) is **DENIED**. Count 7 must be dismissed without prejudice for failure to exhaust. Should Thompson wish to ask the Court to reinstate Count 7, he must file a motion for leave to amend the complaint. *See Cannon v. Washington*, 418 F.3d 714, 719–720 (7th Cir. 2005) (finding that an inmate may amend his complaint to include claims that were not exhausted at the time that the original complaint was filed but that are exhausted by the time that an amended complaint is filed).

## Conclusion

For these reasons, the Court **ADOPTS in part and REJECTS in part** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 105). Plaintiff Ronald Barrow's objection with regard to his claims against Defendant Kimberly Butler in Count 3 is **SUSTAINED**. Plaintiff's remaining objections are **OVERRULED**, and his Motion to Reinstate Count 7 (Doc. 108) is **DENIED**. The following counts remain in this lawsuit:

Count 3: Defendants Harrington and Butler retaliated against Plaintiff for filing lawsuits by moving him to and refusing to transfer him from the North Two Cell House, which has smaller cells, offers fewer privileges, and houses higher aggression inmates than other cell houses.

Count 4: Defendants IDOC Director and Butler's policy, custom, or practice of making housing decisions without input from the medical staff violates Plaintiff's rights under the Eighth Amendment.

Count 5: Defendant IDOC Director violated Plaintiff's rights under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and/or Rehabilitation Act, 29 U.S.C. §§ 794-94e, by denying him accommodations for his degenerative joint and disc disease and his obesity by placing him in a larger cell.

Count 6: Defendants Harrington, Lashbrook, and Butler subjected Plaintiff to unconstitutional conditions of confinement, in violation of the Eighth Amendment, when they assigned him to the North Two Cell House.

**IT IS SO ORDERED.**

**DATED:   March 2, 2017**

*[signature]*

_____
**NANCY J. ROSENSTENGEL
United States District Judge**