IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DENNIS THOMPSON,                )
                                )
    Plaintiff,                  )
                                )
v.                              )   Case No. 3:15-cv-850-NJR-DGW
                                )
ILLINOIS DEPARTMENT CORRECTIONS,)
et al.,                         )
                                )
    Defendants.                 )

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are various motions:

1. **Motion to Compel filed by Plaintiff (Doc. 119).**

Plaintiff seeks to compel the answers to two interrogatories to which answers were served on May 3, 2017. Interrogatory 2 states:

> Did representative from the Attorney General's Office come to Menard any time in the year 2016 (possibly April or May of 2016) to measure the size of North one and North two cell house?

Interrogatory 4 is a follow up question asking whether the cell was measured because of another inmate's lawsuit regarding the conditions of his cell. Defendants object on relevancy grounds. Whether or not the Attorney General's office (which is not a party to this suit) measured the cell house at Menard related to another lawsuit is not relevant to this lawsuit. Even if the two suits concern the size of a particular cell, the activities of lawyers in a lawsuit filed by another inmate related to *his* conditions of confinement are unrelated to *Plaintiff's* specific claims in this lawsuit. This motion is **DENIED**.

**2. Motion to Compel "Discovery Admissions" filed by Plaintiff (Doc. 120).**

Plaintiff seeks to compel further answers to his Requests to Admit 4, 5, 6, and 10. These requests appear to seek information on what knowledge Defendants had as to Plaintiff's medical condition via grievances and attachments thereto. In response to requests 4 and 5, Defendants objected by indicating that the documents referred to in the requests were not attached. Defendants have since served supplemental answers to requests 4 and 5 on June 13, 2017 (after, presumably, having received the documents to which Plaintiff refers). Defendants provide no argument as to their response to Plaintiff's requests 6 and 10. In any event, the Court finds that while the objections are justified, Defendants inadvertently failed to supplement their response to request 6 after receiving the documents to which Plaintiff refers. Defendants shall supplement their response to request 6 forthwith. As to request 10, Defendants' objection is justified. The request is irrelevant to these proceedings. This motion is **MOOT IN PART and DENIED IN PART** subject to supplementation of request 6.

**3. Motion to Compel Directed to Butler filed by Plaintiff (Doc. 122)**

Plaintiff seeks additional responses to interrogatories 2 and 6 served upon Defendant Butler. Number 2 asks whether Defendant Butler could seek out information from medical staff in order to clarify specific affidavits and records from medical staff. Defendant objected by stating that it is argumentative and assumes facts not in evidence: Defendant states that she did not review the medical records and affidavit that Plaintiff referred to and therefore could not answer the question. This response is sufficient. As to request 6, Plaintiff asked whether the Warden knew that some inmates required "low bunk, low gallery, or specific housing needs" due to their medical needs. The Warden answered in the affirmative to the specific accommodations (low bunk, low gallery) but did not address the "specific housing needs" category. Defendant shall

supplement her response forthwith and shall address that later category. This Motion is **DENIED IN PART** and **GRANTED IN PART.**

As to each of these discovery motions, Plaintiff does not indicate whether he conferred or attempted to confer with Defendant regarding these requests as required by Federal Rule of Civil Procedure 37. Each of these discovery disputes could have been resolved without any motion practice, saving both the parties and the Court time. While neither Plaintiff nor Defendants have sought any sanctions that may be available, none will be awarded at this time.

**4.    Motion to Strike Response to Motion to Amend filed by Plaintiff (Doc. 140).**

This Motion is **DENIED**. Current Defendants are entitled to file a response to any motion filed in this matter.

**5.    Motion for Court Orders filed by Plaintiff (Doc. 141).**

This Motion is **DENIED**. In addition, the Court reconsiders the Order entered on June 12, 2017 (Doc. 133). This matter may benefit form a narrowing of the issues that may go to trial. Defendants are accordingly **GRANTED** until September 25, 2017 to file a motion for summary judgment.

**6.    Motion for Leave to File Reply filed by Plaintiff (Doc. 142).**

This Motion is **DENIED**. No reply brief is required.

**7.    Motion for Recruitment of Counsel filed by Plaintiff (Doc. 143).**

This Motion is **DENIED WITHOUT PREJUDICE**. Recruitment of counsel will be considered after a ruling on the anticipated motion for summary judgment.

**8.    Motion for Leave to File Amended Complaint filed by Plaintiff (Doc. 130).**

Federal Rule of Civil Procedure 15 provides that leave to amend should be freely given when justice so requires but may be denied if there is undue delay, futility, or prejudice. *Life*

*Plans, Inc. v. Security Life of Denver Ins. Co.*, 800 F.3d 343, 357-358 (7th Cir. 2015). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To state a cognizable claim, the complaint must provide enough detail to give defendants fair notice of the nature of the claim and the grounds upon which it rests and to show that relief is plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007). Conclusory statements or the mere recitation of the elements of the cause of action are insufficient. *Id.* The pleading must contain factual allegations that "raise the right to relief above the speculative level." *Id.* at 555. In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court emphasized two underlying principles in *Twombly*: first, that legal conclusions stated in a complaint are not entitled to the assumption of truth reserved to factual allegations, and second, a complaint must state a plausible claim for relief. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged– but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

Plaintiff filed his original complaint on August 3, 2015 (Doc. 1) and it was dismissed without prejudice on September 11, 2015 because it ran afoul of Federal Rules of Civil Procedure 8 and 10 (Doc. 10). He filed an amended complaint on September 28, 2015 (Doc. 13) and a second amended complaint on January 11, 2016 (Doc. 14). The second amended complaint was screened by the District Court, pursuant to 28 U.S.C. § 1915A, on the same day and Plaintiff was permitted to proceed on the following counts (Doc. 15):

> Count 1: Defendants Butler and Trost violated Plaintiff's rights under the Eighth Amendment by providing him with inadequate medical care for his degenerative joint and disc disease and obesity.[1]

---

[1] Warden Butler was included in this Count in her official capacity only in order to carry out any injunctive relief. The Court expanded the definition of back pain as it relates to this count to include "severe hip DJD" (Doc. 69).

Count 3: Defendants Harrington, Lashbrook, and Butler retaliated against Plaintiff for filing lawsuits by moving him to and refusing to transfer him from the North Two Cell House, which has smaller cells, offers fewer privileges, and houses higher aggression inmates than other cell houses.

Count 4: Defendants IDOC Director and Butler's policy, custom, or practice of making housing decisions without input from the medical staff violates Plaintiff's rights under the Eighth Amendment.

Count 5: Defendant IDOC Director violated Plaintiff's rights under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and/or Rehabilitation Act, 29 U.S.C. §§ 794-94e, by denying him accommodations for his degenerative joint and disc disease and his obesity by placing him in a larger cell.

Count 6: Defendants Harrington, Lashbrook, Butler, and Trost subjected Plaintiff to unconstitutional conditions of confinement, in violation of the Eighth Amendment, when they assigned him to the North Two Cell House.

Count 7: Defendants Atchinson, Butler, and Smith subjected Plaintiff to unconstitutional conditions of confinement, in violation of the Eighth Amendment, when they housed him in the gym for five days in anticipation of a flood on December 29, 2015.[2]

Two Orders were subsequently entered that changed these counts. On September 20, 2016, Defendant Trost was dismissed with prejudice pursuant to Plaintiff's motion (Doc. 91). And, on March 2, 2017, Count 7 was dismissed without prejudice because Plaintiff failed to exhaust his administrative remedies as to that count (Doc. 109). As set forth by the District Court, Plaintiff is currently proceeding on the following counts:

Count 3: Defendants Harrington and Butler retaliated against Plaintiff for filing lawsuits by moving him to and refusing to transfer him from the North Two Cell House, which has smaller cells, offers fewer privileges, and houses higher aggression inmates than other cell houses.

---

[2] Count 2 alleged that Defendants Harrington, Lashbrook, Butler, and Trost exhibited deliberate indifference to Plaintiff's cut finger, in violation of the Eighth Amendment and was dismissed with prejudice; Count 8 alleged that Wexford provides no legitimate care or counseling for inmates with eating disorders, in violation of their right to receive adequate medical care under the Eighth Amendment and was dismissed without prejudice. Plaintiff's request to have his claims "reinstated" were denied (Docs. 23 and 30).

Count 4: Defendants IDOC Director and Butler's policy, custom, or practice of making housing decisions without input from the medical staff violates Plaintiff's rights under the Eighth Amendment.

Count 5: Defendant IDOC Director violated Plaintiff's rights under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and/or Rehabilitation Act, 29 U.S.C. §§ 794-94e, by denying him accommodations for his degenerative joint and disc disease and his obesity by placing him in a larger cell.

Count 6: Defendants Harrington, Lashbrook, and Butler subjected Plaintiff to unconstitutional conditions of confinement, in violation of the Eighth Amendment, when they assigned him to the North Two Cell House.

(Doc. 109).

Plaintiff's current claims, while related to his medical condition, primarily concern the conditions of his confinement. He is not currently asserting any claim against a medical provider related to the medical care that he is (or was) receiving at the Menard Correctional Center. The deadline for amending pleadings was October 6, 2016 (Doc. 44).

Plaintiff now seeks to amend his complaint, for a third time, for the express purpose of asserting new claims against Dr. Trost that arose after his September 2016 settlement with Dr. Trost. (Doc. 130). Plaintiff's proposed amended pleading, however, seeks to add more than what is set forth in his motion: he also names Dr. Siddiqqi (his current treatment provider, in his official capacity) and Dr. Miller (a specialist) as Defendants and he appears to reassert claims related to his back pain that was the subject of Count 1. Plaintiff's new claims against Dr. Trost include: delaying treatment and failing to provide adequate treatment for progressively worsening hip dysplasia (that requires a specialist consultation and surgery), retaliation for filing lawsuits and grievances, and breach of the settlement agreement. Plaintiff reasserts his claims against the IDOC Defendants.

Dismissal with prejudice operates as an adjudication on the merits. Therefore, Plaintiff may not re-assert claims against Dr. Trost that were subject to the dismissal absent an order

vacating the dismissal. As to Plaintiff's new claims against Dr. Trost, Plaintiff asserts that because the events arose after the dismissal, he is permitted to assert those claims pursuant to *Heard v. Tilden*, 809 F.3d 974 (7th Cir. 2016). In that case, the plaintiff filed two suits in 2006 alleging that a doctor, Wexford Health Sources, Inc., and the IDOC were deliberately indifferent for delaying surgery for a hernia. The plaintiff did not prevail on his claim against the IDOC but did ultimately settle his claims and sign a release as to the doctor and Wexford in 2012. Plaintiff again filed suit regarding a second "recurrent" hernia surgery that occurred in 2013: he claimed that Wexford, the original doctor, and another doctor were deliberately indifferent in delaying the second surgery. As to this second surgery, the need for it arose in 2007 and Plaintiff was aware that he needed the second hernia surgery in April 2011, before the signed the release. The district court dismissed the latter lawsuit because plaintiff had knowledge that he needed a second surgery prior to signing the release as to the first lawsuits.

The Seventh Circuit reversed finding that the latter suit "involves fresh allegations of stalling a different surgery, and even a different Wexford physician." *Id*. at 978. The Court further found that "every day that the defendants improperly refused to treat [the plaintiff's] condition potentially constituted a new act of deliberate indifference." *Id*. at 979. Thus, Plaintiff argues that because he is asserting fresh claims against Dr. Trost, he should be permitted to amend his complaint in this matter. The salient difference between this case and the *Heard* matter is in the presentation of the new claims: in *Heard*, the plaintiff filed a new suit; in this case, Plaintiff seeks to add new claims to this suit.

First, the deadline for amending pleadings in this matter was October 6, 2016. This Court enjoys discretion in setting and enforcing deadlines. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 605-606 (7th Cir. 2006). Plaintiff has offered no good cause and excusable neglect that would

warrant the extension of that deadline. *See* FED.R.CIV.P. 6(b) and 16; *Alioto v. Town of Lisbon*, 651 F.3d 751, 719-720 (7th Cir. 2011). Plaintiff has not been diligent in pursuing his additional claims against Dr. Trost. Plaintiff claims that after reading Dr. Miller's report which he received in September 2016, Dr. Trost told him "let me tell you Thompson flat out you have severe hip disease coupled with hip dysplasia," "you need replacement surgery," "now make sure sue him just like you did me . . . ." Plaintiff also was aware in December 2016 of his worsening hip condition (for which he sought emergency treatment) and was aware by January 2017 that Dr. Trost would not send him out for another consultation. Plaintiff also was aware of his claims (if any) against Dr. Miller when he received his report, again in September 2016. Plaintiff should have sought to amend his complaint sooner. *See Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016) (affirming denial of leave to amend filed 8 months after deadline where there was no showing of good cause).

Second, Plaintiff has an alternative option, like the Plaintiff in *Heard*, to file a separate lawsuit regarding his new claims. Indeed, that is the preferred course: Plaintiff's new claims against Dr. Trost and Dr. Miller are only tangentially related to his conditions of confinement claims against the IDOC Defendants. The Seventh Circuit has cautioned that "unrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). While Plaintiff's medical condition is the subject of this suit, his current claims are conditions of confinement claims and not Eighth Amendment deliberate indifference to serious medical needs claims – each type of claim is legally distinct, involves different Defendants, and will require different types of proof.

In any event, the addition of new claims and new Defendants will only prolong this matter and prejudice the current Defendants. The discovery deadline in this matter has closed. By

allowing new claims and new Defendants, the discovery deadline would need to be reopened, it is likely that new Defendants would assert an exhaustion defense (requiring a new round of motions for summary judgment and a hearing), and trial would have to be delayed.  Defendants, like Plaintiff are entitled to rely on this Court's trial setting and should not have to wait until Plaintiff litigates his distinct claims against unrelated medical Defendants.   Plaintiff's motion to amend is **DENIED.**

## CONCLUSION

For the reasons set forth above:

1. Motion to Compel is **DENIED** (Doc. 119).

2. Motion to Compel "Discovery Admissions" is **MOOT IN PART and DENIED IN PART** (Doc. 120). However, Defendant shall supplement request 6 within seven (7) days of the date of this Order.

3. Motion to Compel Directed to Butler is **DENIED IN PART** and **GRANTED IN PART** (Doc. 122). Defendant shall supplement request 6 within seven (7) days of the date of this Order.

4. Motion to Strike Response to Motion to Amend is **DENIED** (Doc. 140).

5. Motion for Court Orders is **DENIED** (Doc. 141). The dispostive motion filing deadline is extended to **September 25, 2017**.

6. Motion for Leave to File Reply filed by Plaintiff is **DENIED** (Doc. 142).

7. Motion for Recruitment of Counsel filed by Plaintiff is **DENIED WITHOUT PREJUDICE** (Doc. 143).

8. Motion for Leave to File Amended Complaint is **DENIED** (Doc. 130).

**DATED: August 22, 2017**

　　　　　　　　　　　　　　　　　　　　**DONALD G. WILKERSON**
　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**